IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ARTHUR GENE LANE,

    Petitioner,                      No. CIV S-07-1480 JAM DAD P

    vs.

STATE OF CA,                             ORDER AND

    Respondent.                    FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On October 9, 2007, the undersigned ordered respondent to file and serve a response to petitioner's amended petition. On December 10, 2007, respondent filed the pending motion to dismiss. Petitioner has filed an opposition to respondent's motion to dismiss and respondent has filed a reply. Finally, on May 1, 2008, petitioner filed an unauthorized response to respondent's reply. E.D. Cal. Local Rule 78-230(m).

**BACKGROUND**

        Petitioner challenges a judgment of conviction entered in the Sacramento County Superior Court on October 21, 2002. (Am. Pet. at 2; Resp't's Lodged Doc. 1.) Following a jury trial, petitioner was convicted of first-degree murder and sentenced to a term of life without the possibility of parole, plus seven years on enhancement allegations found by the jury to be true.

1

(Am. Pet. at 2; Resp't's Lodged Doc. 1-2.) On November 9, 2004, the California Court of Appeal for the Third Appellate District directed the trial court to amend the abstract of judgment to award petitioner 551 days credit for time actually served. (Resp't's Lodged Doc. 2.) The court affirmed petitioner's judgment of conviction in all other respects. (Am. Pet. at 3; Resp't's Lodged Doc. 2.) On December 13, 2004, petitioner filed a petition for review in the California Supreme Court. (Resp't's Lodged Doc. 3.) On January 19, 2005, the California Supreme Court denied review. (Id., Doc. 4.)

On November 14, 2005, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.[1] (Resp't's Lodged Doc. 5.) The California Supreme Court denied the petition on August 23, 2006. (Id., Doc. 6.) On July 23, 2007, petitioner filed his federal petition for writ of habeas corpus. On October 1, 2007, petitioner filed the amended petition now pending before this court.

**RESPONDENT'S MOTION TO DISMISS**

Respondent has filed a motion to dismiss, arguing that the petition is untimely, petitioner failed to exhaust his state remedies and petitioner's first claim fails to state a cognizable habeas claim. (Resp't's Mot. to Dismiss at 1.)

First, respondent contends that petitioner's federal petition is time-barred. (Resp't's Mot. to Dismiss at 2-3.) Respondent contends that, on January 19, 2005, the California Supreme Court denied petitioner's petition for review and that his judgment of conviction became final on April 19, 2005, ninety days after the time for filing a petition for writ of certiorari expired. (Id.) Respondent contends that the one-year statute of limitations therefore began running the following day, on April 20, 2005. (Id.) Respondent contends that the statute of limitations ran for 208 days until November 14, 2005, when petitioner filed his petition for

---

[1] Respondent assumes, without conceding that petitioner filed his state habeas petition on November 14, 2005, the date he signed it, though the California Supreme Court did not actually file it until two weeks later.

2

writ of habeas corpus with the California Supreme Court. (Id.) Respondent argues that the statute of limitations began running again after the California Supreme Court denied the petition on August 23, 2006, and ran for 334 more days until July 23, 2007, when petitioner filed his original federal petition. (Id. at 4.) Respondent concludes that petitioner sought relief in federal court nearly six months after the statute of limitations expired. (Id.)

Second, respondent argues that petitioner failed to exhaust one of his federal claims. (Resp't's Mot. to Dismiss at 4.) In the petition before this court petitioner presents the following three claims: (1) his Fourth Amendment rights were violated by an unlawful search; (2) his post-arrest admissions were involuntary; and (3) his trial counsel was ineffective by failing to adequately object to the admission of his post-arrest statements. (Id. at 5.) Respondent maintains that petitioner did not fairly present his ineffective assistance of counsel claim to the California Supreme Court. (Id.)

Finally, respondent contends that petitioner's Fourth Amendment claim is not cognizable. (Resp't's Mot. to Dismiss at 6.) Respondent maintains that where, as here, petitioner had a fair opportunity to raise his Fourth Amendment claim in state court, he cannot present that Fourth Amendment claim for federal habeas review. (Id.)

## PETITIONER'S OPPOSITION

In a brief opposition to respondent's motion to dismiss, petitioner requests that this court grant him equitable tolling of the federal statute of limitations. (Pet'r's Opp'n to Resp't's Mot. to Dismiss at 2-3.) Petitioner explains that he has been diagnosed with drug-induced psychosis and other ailments and is currently receiving mental health treatment. (Id. at 2.) Petitioner further explains that prison medical staff has prescribed him with medication that impairs his cognitive functions. (Id.) Finally, petitioner concedes that he did not exhaust his ineffective assistance of counsel claim and asks to withdraw it. (Id. at 3.)

/////

/////

**RESPONDENT'S REPLY**

In reply, respondent argues that petitioner is not entitled to equitable tolling. (Resp't's Reply at 3.) Respondent contends that proffering a mental health condition as a ground for the equitable tolling of the statute of limitations without supporting documentation is not sufficient. (Id.) Moreover, respondent explains that petitioner's medical records establish that although petitioner was part of the mental health treatment population and was prescribed psychotropic medication, his mental processes were within normal limits. (Id. at 3-4.)

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The AEDPA's one-year statute of limitations applies to all federal habeas

1  corpus petitions filed after the statute was enacted and therefore applies to the pending petition.
2  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).
3  II.  Application of § 2244(d)(1)(A)
4        Petitioner's judgment of conviction was entered on October 21, 2002.  The Court
5  of Appeal affirmed his conviction on November 9, 2004.  The California Supreme Court denied
6  his petition for review on January 19, 2005.  For purposes of federal habeas review, petitioner's
7  conviction became final on April 19, 2005, ninety days after the California Supreme Court
8  denied his petition for review.  The AEDPA one-year statute of limitation period began to run the
9  following day, on April 20, 2005, until it expired on April 19, 2006.  Petitioner filed his federal
10 habeas petition more than one year later, on July 23, 2007.  Accordingly, petitioner's petition for
11 writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.
12 III. Statutory Tolling
13       "The time during which a properly filed application for state post-conviction or
14 other collateral review with respect to the pertinent judgment or claim is pending shall not be
15 counted" toward the AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2).  The statute of
16 limitations is not tolled during the interval between the date on which a judgment becomes final
17 and the date on which the petitioner files his first state collateral challenge because there is no
18 case "pending."  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once a petitioner
19 commences state collateral proceedings, a state habeas petition is "pending" during a full round
20 of review in the state courts, including the time between a lower court decision and the filing of a
21 new petition in a higher court, as long as the intervals between petitions are "reasonable."  Carey
22 v. Saffold, 536 U.S. 214, 222-24 (2002).
23       Here, petitioner filed his only state habeas petition on November 14, 2005, after
24 208 days of the AEDPA statute of limitations had run.  The California Supreme Court denied
25 that petition on August 23, 2006.  The AEDPA statute of limitations then ran for at least 319
26 more days before petitioner signed his federal petition on July 9, 2007.  Therefore, although

5

1 petitioner is entitled to statutory tolling during the time his petition was pending before the
2 California Supreme Court, his federal petition was still untimely by at least 162 days. 28 U.S.C.
3 § 2244(d).

4 IV. Equitable Tolling

5 Because petitioner's federal habeas petition is untimely, the court must dismiss it
6 unless he demonstrates that he is entitled to equitable tolling of the statute of limitations. The
7 U.S. Supreme Court has held that, "a litigant seeking equitable tolling bears the burden of
8 establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some
9 extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005);
10 see also Lawrence v. Florida, ___ U.S. ___, 127 S. Ct. 1079 (2007) (assuming without deciding
11 that equitable tolling applies to § 2244(d)). Equitable tolling will be unavailable in most cases.
12 See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002); Miles v. Prunty, 187 F.3d 1104, 1107
13 (9th Cir. 1999). In the present case, the court finds that petitioner has failed to demonstrate that
14 he is entitled to equitable tolling.

15 "Where a habeas petitioner's mental incompetence in fact caused him to fail to
16 meet the AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond
17 [his] control,' and the deadline should be equitably tolled." Laws v. LaMarque, 351 F.3d 919,
18 923 (9th Cir. 2003). Here, petitioner merely alleges in conclusory fashion that he suffers from a
19 mental illness. Petitioner has not presented any evidence, such as medical records, hospital
20 records, prescriptions, or declarations by him or from physicians or psychiatrists who treated him
21 to support his allegations in this regard. Petitioner's bare allegations, without more, fail to
22 demonstrate that he was incapable of filing a habeas petition in federal court during the one-year
23 limitations period.

24 Moreover, respondent has submitted to the court copies of petitioner's medical
25 records demonstrating that his mental faculties were largely in place during the time periods for
26 which he seeks equitable tolling based upon his mental condition. (Resp't's Lodged Doc. 7.)

1  From April 19, 2005 (the date his conviction became final) through November 14, 2005 ( the
2  date his petition in the California Supreme Court was filed), petitioner's appearance, behavior,
3  mood, speech, sleep, affect, insight, judgment, thought process, and thought content were
4  consistently within normal limits.  (Id.)  In addition, medical personnel consistently assessed
5  petitioner as stable during that period.  (Id.)  From August 23, 2006 (the date the California
6  Supreme Court denied his petition) to July 9, 2007 (the date he signed his federal petition)
7  petitioner's mental status and level of functioning were found to be within normal limits.  (Id.)
8  Accordingly, the court concludes that petitioner is not entitled to equitable tolling of the statute
9  of limitations.
10           Under the circumstances set forth above, the court concludes that petitioner's
11 federal petition for a writ of habeas corpus is time-barred.  Respondent's motion to dismiss
12 should therefore be granted, and this action should be dismissed with prejudice.

### CONCLUSION

14           In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the
15 Court is directed to amend the docket to reflect that Warden Mike Evans is the respondent in this
16 action.
17           IT IS HEREBY RECOMMENDED that:
18           1. Respondent's December 10, 2007 motion to dismiss be granted; and
19           2. This action be dismissed with prejudice because the petition for writ of habeas
20 corpus was filed beyond the one-year statute of limitations.
21           These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
23 days after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties.  Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
26 shall be served and filed within ten days after service of the objections.  The parties are advised

that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 8, 2008.

*[signature]*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lane1480.157

8